# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MASSIE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD EARLY, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV-F-00-5248 OWW LJO P<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 75)<br><br>ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANTS' MOTION<br><br>(Doc. 71) |

　　Plaintiff Antonio Massie ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 7, 2005, defendants Trinh and Early ("defendants") filed a motion to dismiss or in the alternative for summary judgment. On April 4, 2005, plaintiff filed a motion for the appointment of counsel. In the motion, plaintiff asserts that he is at a facility that does not have a law library and does not have anyone available to assist plaintiff. Defendants did not file a response to the motion.

　　The court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious

and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. The court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Terrell, 935 F.2d at 1017. Plaintiff's motion for the appointment of counsel shall be denied.

The discovery phase of this litigation concluded on January 5, 2005, and plaintiff failed to file a timely request for an extension of the deadline. Fed. R. Civ. P. 16(b). Therefore, there are no grounds that allow for setting aside the scheduling order so that plaintiff may conduct further discovery. See Fed. R. Civ. P. 56(f). Further, the State is not required to enable plaintiff to discover grievances or to litigate effectively once in court. Lewis v. Casey, 518 U.S. 343, 354 (1996). Thus, the bare assertion that Pilot Rock Conservation Camp does not have a law library is insufficient to support plaintiff's contention that he is unable to oppose defendants' motion.

Plaintiff should be aware whether or not he exhausted the administrative remedies with respect to his claims and plaintiff should be aware of the basis of his claims against defendants. Plaintiff's own declaration, as long as it is based on plaintiff's personal knowledge, constitutes evidence in opposition to defendants' motion. As such, the court can discern no reason why plaintiff is utterly unable to oppose defendants' pending motion. Plaintiff shall file an opposition or a statement of non-opposition within thirty days from the date of service of this order. The failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed April 4, 2005, is denied, without prejudice;

    2.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an opposition or a statement of non-opposition to defendants' motion to dismiss or for summary judgment; and

    3.    <u>The failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute</u>.

IT IS SO ORDERED.

**Dated:**   **May 7, 2005**　　　　　　　　　　　　／s／ **Lawrence J. O'Neill**
b9ed48　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE