UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MASSIE,<br><br>                    Plaintiff,<br><br>     v.<br><br>RICHARD EARLY, et al.,<br><br>                    Defendants.<br> | CASE NO. CV-F-00-5248 OWW LJO P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. 76) |

Plaintiff Antonio Massie ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. By order filed May 9, 2005, the court ordered plaintiff to file an opposition or a statement of non-opposition to defendants' motion to dismiss or for summary judgment within thirty days. More than thirty days have passed and plaintiff has not complied with or otherwise responded to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

1  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
2  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
3  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
4  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
5  failure to lack of prosecution and failure to comply with local rules).    In determining whether
6  to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with
7  local rules, the court must consider several factors: (1) the public's interest in expeditious resolution
8  of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;
9  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less
10 drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d
11 at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

12      In the instant case, the court finds that the public's interest in expeditiously resolving this
13 litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has
14 been pending since February 14, 2000. The third factor, risk of prejudice to defendants, also weighs
15 in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
16 in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth
17 factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the
18 factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure
19 to obey the court's order will result in dismissal satisfies the "consideration of alternatives"
20 requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d
21 at 1424. The court's order requiring plaintiff to file an opposition or a statement of non-opposition
22 expressly stated: "The failure to comply with this order will result in a recommendation that this
23 action be dismissed for failure to obey a court order and failure to prosecute." Thus, plaintiff had
24 adequate warning that dismissal would result from his noncompliance with the court's order.

25      Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to
26 obey the court's order of May 9, 2005, and for failure to prosecute.

27      These Findings and Recommendations are submitted to the United States District Judge
28 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15)**

**days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 27, 2005**           /s/ Lawrence J. O'Neill
b9ed48                                             UNITED STATES MAGISTRATE JUDGE