UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MASSIE,<br><br>        Plaintiff,<br><br>    v.<br><br>RICHARD EARLY, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:00-CV-5248-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED, AND MOTION FOR SUMMARY ADJUDICATION ON PLAINTIFF'S CLAIM AGAINST DEFENDANT EARLY BE GRANTED<br><br>(Doc. 71) |

I.    <u>Defendants' Motion to Dismiss and for Summary Adjudication</u>

    A.    <u>Procedural History</u>

Plaintiff Antonio Massie ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's fourth amended complaint, filed February 13, 2003, against defendants Trinh and Early ("defendants") under section 1983 for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. (Docs. 34, 35.) On March 7, 2005, pursuant to Federal Rules of Civil Procedure 12(b) and 56, defendants filed a motion to dismiss for failure to exhaust the available administrative remedies and for summary adjudication on plaintiff's claim

///
///
///

against defendant Early.  (Docs. 71-74.)  Plaintiff filed an opposition to the motion on August 10, 2005.[1]

### B. Motion to Dismiss for Failure to Exhaust

#### 1. Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5).  Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Plaintiff may not exhaust while the suit is pending.  McKinney, 311 F.3d at 1199-1201.

The California Department of Corrections has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, et seq.  "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare."  Id. at 3084.1(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Cal. Code Regs. tit 15, § 3084.5 (2005).

///

---

[1] Plaintiff was provided with notice of the requirements for opposing unenumerated Rule 12(b) motions and summary judgment motions on April 9, 2004.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  (Doc. 38.)

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

2. Discussion

Plaintiff's claims in this action arise from the medical treatment he received at North Kern State Prison from December 1997 to March 1999. (Doc. 34, 4th Amend. Comp.) Plaintiff alleges that he was tentatively diagnosed with Hepatitis C in 1997 while at Pelican Bay State Prison. (Id.) Medical staff recommended an immediate liver biopsy with interferon treatment to begin at once if Hepatitis C was confirmed. (Id.) Plaintiff alleges that after his transfer to North Kern, an institution at which interferon treatment was not available, he attempted to obtain appropriate treatment for his condition, including a transfer to an institution that could provide interferon treatment. (Id.) Plaintiff alleges that as a result of the delays caused by defendant Trinh, his physician, he suffered permanent liver damage. (Id.) Plaintiff alleges that defendant Early was fully informed of the situation but failed to take any action. (Id.)

In their motion, defendants argue that they are entitled to dismissal of this action because plaintiff did not exhaust his claims against them. (Doc. 71, Motion.) Defendants contend that plaintiff did not exhaust his claim against defendant Trinh because although he filed one inmate appeal concerning his medical issue, he did not complete the grievance process. (Id., 10:15-12:14.) Defendants also contend that because the appeal contained no mention of defendant Early's involvement, it did not exhaust the claim against defendant Early. (Id., 9:21-10:10.)

///

1     In support of their motion, defendants submit a copy of plaintiff's inmate appeal, log number
2  98-00766. (Doc. 74, Massie Dep., Exhibit 1.) The appeal received responses at the informal level
3  of review and the first formal level of review. (Id., Exhibit 1, p. 2-6.) After forwarding the appeal
4  to the Director's level, plaintiff was informed that he needed to first obtain a response from the
5  second level of review. (Id., p. 1.) When plaintiff submitted the appeal to the second level of
6  review, it was rejected as time barred. (Id., p. 7.) Plaintiff apparently thereafter again attempted to
7  submit the appeal for a Director's level review but received no response. (Id., p. 6; Massie Dep.,
8  17:22-24.)

9     In this Circuit, exhaustion occurs when all avenues of administrative relief available are
10 completed. Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005). Further, the "exhaustion
11 requirement does not bar subsequent judicial consideration of an exhausted administrative appeal
12 that was denied on state procedural grounds." Id.

13    In this instance, the appeals coordinator exercised his or her discretion to screen out
14 plaintiff's appeal at the second level as untimely. Although plaintiff attempted twice to obtain a
15 decision from the Director's level of review, his appeal was not considered in light of plaintiff's
16 failure to obtain a second level decision. In light of the Ninth Circuit's decision in Ngo, the appeals
17 coordinator's decision to screen out plaintiff's appeal as untimely at the second level of review and
18 the rejection of the appeal at the Director's level of review because of the absence of the second level
19 decision end the exhaustion inquiry . Id. at 631. Exhaustion of the appeal occurred when plaintiff's
20 appeal was barred on procedural grounds and "no further level of appeal remained in the state
21 prison's internal appeals process." Id.

22    With respect to whether or not the appeal also exhausted plaintiff's claim against defendant
23 Early, satisfaction of the exhaustion requirement does not require that inmates draft grievances with
24 the precision of an attorney, laying out every fact, identifying every defendant by name, and
25 identifying which constitutional rights were violated by which actions or omissions. Identification
26 in the inmate appeal of each defendant by name is not necessary for exhaustion to occur. Butler v.
27 Rianda, 387 F.3d 1181, 1183 (9th Cir. 2005). The touchstone that has been applied by this court is
28 whether the plaintiff has, using the administrative appeal process provided by the Department of

4

Corrections, placed prison officials on notice as to the facts at issue in his claim against the defendants.

Plaintiff's claims against defendants stem from the medical treatment he received for Hepatitis C. Specifically, plaintiff's claims arise from his attempts to obtain a confirming liver biopsy and either receive interferon treatment or be transferred to an institution that was able to provide interferon treatment. Although plaintiff did identify defendant Trinh by name in the appeal, plaintiff was not required in the appeal form to name every involved party. Plaintiff availed himself of the administrative process when he completed the appeal form and set forth the facts therein that form the basis of his claims in this action. In light of the Ninth Circuit's decision in <u>Butler</u>, the court finds that plaintiff's inmate appeal was sufficient to grieve his claim against defendant Early. <u>Butler</u>, 387 F.3d at 1183.

  C. <u>Motion for Summary Adjudication</u>

    1. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Id</u>. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>Id</u>. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id</u>. In such a circumstance, summary judgment

///

should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards

v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

### 2. Undisputed Facts

1. Sometime between the spring and fall of 1998, plaintiff and another inmate stopped defendant Early, who was the warden of North Kern State Prison, while he was walking across the yard in order to quickly discuss plaintiff's medical problems.
2. When the inmates saw defendant Early walking across the yard, they called to him, and he stopped walking, waited for them to catch up, and asked them what the problem was.
3. Plaintiff told defendant Early that he was trying to get treatment for his hepatitis, but the doctor would not treat him.
4. Plaintiff and defendant Early also briefly discussed how the treatment plaintiff was seeking was not available at North Kern.
5. Defendant Early explained that plaintiff would need to get a transfer to another prison to receive the treatment.
6. When plaintiff told defendant Early that he had asked the prison committee for a transfer, defendant advised plaintiff to talk to the doctor, not the committee, because it was a medical issue.
7. After plaintiff explained to defendant Early that the doctor had told him to speak to the committee about it, defendant Early insisted it was a medical issue, and advised plaintiff that he would need to tell his doctor about this.
8. The encounter on the yard was the only time plaintiff advised defendant Early of his concerns about medical treatment or a transfer.

///
///

3.  <u>Discussion</u>

In their motion for summary adjudication, defendants argue that defendant Early is entitled to summary adjudication because he did not act with deliberate indifference to an excessive risk to plaintiff's health. (Doc. 71, Motion.) Defendants contend that after encountering plaintiff on the yard and hearing about his medical concerns, defendant Early advised plaintiff of the proper procedure for obtaining a transfer. (<u>Id.</u>, 13:1-9.) Defendants contend that defendant Early was unaware of an excessive risk to plaintiff's health or of any urgency that would have required immediate action. (<u>Id.</u>, 13:12-14.)

In his opposition, plaintiff contends that staff should have acted on his request for medical care or notified defendant Early. (Doc. 81, Opp., p. 2.) Plaintiff contends that defendant's argument that he is not liable based on their brief encounter on the yard is misplaced because as the warden, defendant Early was responsible for the prison's operation and was plaintiff's custodian. (<u>Id.</u>)

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, as plaintiff is here, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. <u>McGuckin</u>, 974 F.2d at 1060 (citing <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

8

Plaintiff has submitted no evidence that raises a triable issue of fact with respect to whether or not defendant Early acted with deliberate indifference to plaintiff's serious medical needs. Assuming plaintiff's medical needs were serious, there is no evidence that defendant knew of and disregarded an excessive risk to plaintiff. Farmer, 511 U.S. at 837. Although the undisputed facts establish that plaintiff notified defendant of his medical concerns and of his desire for a transfer to another institution to receive interferon treatment, there is no evidence that defendant, by failing to do more than advise plaintiff that he must pursue the issue with his doctor, knowingly disregarded an excessive risk to plaintiff.

Plaintiff's contention that defendant is liable because he is the warden must fail as a matter of law. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Thus, the fact that as warden, defendant Early was responsible for operations at North Kern and was plaintiff's official custodian does not provide a basis upon which to impose liability under section 1983. Accordingly, the court finds that defendant Early is entitled to summary adjudication on plaintiff's claim against him.[2]

D. Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. Defendants' unenumerated Rule 12(b) motion, filed March 7, 2005, be DENIED on the ground that plaintiff exhausted his claims; and

2. Defendants' motion for summary adjudication on plaintiff's claim against defendant Early, filed March 7, 2005, be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

---

[2] Because the court finds that defendant Early is entitled to summary adjudication on the merits of plaintiff's claim against him, the court does not reach defendant's argument that he is entitled to qualified immunity.

9

**days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 31, 2005**              /s/ Lawrence J. O'Neill
b9ed48                             UNITED STATES MAGISTRATE JUDGE