UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTONIO MASSIE, | ) | 1:00-cv-5248 OWW LJO P |
| | ) | |
| Plaintiff, | ) | ORDER ADOPTING MAGISTRATE |
| | ) | JUDGE'S FINDINGS AND |
| v. | ) | RECOMMENDATIONS |
| | ) | |
| RICHARD EARLY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a prisoner civil rights case brought under 42 U.S.C. § 1983 for alleged deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

On August 31, 2005, the Magistrate Judge filed Findings and Recommendations recommending the motion to dismiss by Defendants for failure to exhaust allegedly available administrative remedies be denied and that the motion for summary adjudication on Plaintiff's claims against Defendant Early be granted. Plaintiff timely filed objections and the Court has conducted a *de novo* review pursuant to the provisions of 28 U.S.C. § 636(b).

The Magistrate Judge has accurately analyzed the exhaustion issue under prevailing Ninth Circuit precedent. There is no reason to question the accuracy of that analysis.

1

As to the summary adjudication claim against Warden Early, Plaintiff has provided no evidence whatsoever of admissible medical testimony that shows any knowledge on the part of Defendant Early of a serious medical need or a failure to respond to such a need.  Nor is there any expert testimony that would relate any action of the Warden to any medical condition complained of by Plaintiff.

At most, Plaintiff shows he had one contact with the Warden in which he advised the Warden that he had Hepatitis C and needed a certain type of medical treatment which was allegedly unavailable at the North Kern State Prison.  Although assuming, *arguendo*, drawing every inference in favor of Plaintiff and against the non-moving party, that the Warden recognized a need for follow-up medical attention, the Warden specifically advised Plaintiff that the matter was a medical one and that Plaintiff needed to have a physician diagnose Plaintiff's medical condition relevant to any request for transfer of institution.

Plaintiff submits no evidence that the Warden is the proper individual in the prison hierarchy to address a medical transfer request to, or that there was any breach of duty on the part of the Warden in referring Plaintiff to a medical doctor for further review, analysis, and recommendation.

There is no reason to question the accuracy of the analysis of the recommendation that the summary adjudication motion of Defendant Early be granted.

For all the reasons stated above, IT IS ORDERED:

1.   The Findings and Recommendations of the Magistrate Judge are ADOPTED;

2.   Defendant's motion for summary adjudication on Plaintiff's claims against Defendant Richard Early is GRANTED.

DATED:  January 6, 2006.

/s/ OLIVER W. WANGER
_____
   Oliver W. Wanger
UNITED STATES DISTRICT JUDGE

dlp/massie v. early order

3