# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MASSIE, | CASE NO. 1:00-CV-05248-OWW-LJO-P |
|           Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO FILE PRE-TRIAL STATEMENT IN COMPLIANCE WITH COURT ORDER |
|   v. | |
| RICHARD EARLY, et al., | |
|           Defendants. | (Doc. 90) |
| _____/ | |

Plaintiff Antonio Massie ("plaintiff"), a former state prisoner, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On March 9, 2006, the court issued an Amended Second Scheduling Order, which set this matter for telephonic trial confirmation hearing and jury trial, and which required plaintiff to file a pre-trial statement on or before July 5, 2006.  Plaintiff has failed to comply with or otherwise responded to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

1   requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

2   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

3   address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

4   comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

5   failure to lack of prosecution and failure to comply with local rules).        In determining whether

6   to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with

7   local rules, the court must consider several factors: (1) the public's interest in expeditious resolution

8   of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

9   (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

10  drastic alternatives. <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d

11  at 130; <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Ghazali</u>, 46 F.3d at 53.

12          In the instant case, the court finds that the public's interest in expeditiously resolving this

13  litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has

14  been pending since February 14, 2000.  The third factor, risk of prejudice to defendants, also weighs

15  in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

16  in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

17  factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the

18  factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure

19  to obey the court's order will result in dismissal satisfies the "consideration of alternatives"

20  requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d

21  at 1424.  The court's order requiring plaintiff to file a pre-trial statement expressly stated: "The

22  parties are advised that failure to file pre-trial statements as required by this order may result in the

23  imposition of appropriate sanctions, which may include dismissal of the action or entry of default."

24  Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the

25  court's order.

26  ///

27  ///

28  ///

1    Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice,

2    for failure to obey the court's order of March 9, 2006.[1]

3    These Findings and Recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within fifteen (15)**

5    **days** after being served with these Findings and Recommendations, plaintiff may file written

6    objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's

7    Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

8    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

9    1153 (9th Cir. 1991).

10

11   IT IS SO ORDERED.

12   **Dated:    July 19, 2006**                              **/s/ Lawrence J. O'Neill**
     b9ed48                                        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] In an order issued concurrently with this Findings and Recommendations, the court vacated the telephonic trial confirmation hearing and jury trial dates and relieved defendant of his obligation to file a pre-trial statement.

3